UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE HOLDERS OF THE SARM 2005-14 TRUST FUND,<br><br>Plaintiff,<br><br>v.<br><br>TIDES I HOA AKA THE SANCTUARY OWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC.; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01204-MMD-PAL<br><br>ORDER |

**I.    SUMMARY**

This case concerns a homeowner association's ("HOA") foreclosure of property within its development pursuant to Nevada Revised Statutes Chapter 116. Pending before the Court is Tides I Homeowners Association's ("Tides" or "the HOA") Renewed Motion to Dismiss or in the Alternative, for Summary Judgment ("Motion"). (ECF No. 45.) The Court has reviewed Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo") response (ECF No. 47), Tides' reply (ECF No. 48), and the accompanying exhibits.

For the reasons discussed below, the Court grants in part and denies in part the Motion.

**II.    BACKGROUND**

In 2005, Gregorio Magno and Corazon Magno ("Borrowers") purchased real property ("Property") located within the HOA. (ECF No. 24 at ¶ 13.) The Borrowers obtained a mortgage loan on the Property secured by a deed of trust ("DOT"), which was

assigned to Wells Fargo in May 2012. (*Id.* at ¶ 14.) The Borrowers subsequently failed to pay HOA assessments, and the HOA eventually foreclosed on the Property pursuant to NRS § 116.3116 on or about August 3, 2012. (*Id.* at ¶ 28.)

Wells Fargo initiated this action against Tides on June 24, 2015, asserting claims of quiet title/declaratory relief, breach of NRS § 116.1113, and injunctive relief. (ECF No. 1.) Tides moved to dismiss the complaint on August 17, 2015. (ECF No. 11.) This Court granted Tides' motion on March 31, 2016, but permitted Wells Fargo to file an amended complaint to correct deficiencies with its quiet title claim, specifically so that Wells Fargo could allege the existence of fraud, unfairness, or oppression as it relates to the contention that the HOA's foreclosure sale was commercially unreasonable. (ECF No. 23 at 9.) The Court did not give Wells Fargo leave to amend its claim for violation of NRS § 116.1113. (*Id.* at 10.) Wells Fargo filed its First Amended Complaint ("FAC") on April 15, 2016, against Tides and Nevada Association Services ("NAS"). (ECF No. 24.) The FAC includes three claims for relief: declaratory relief/quiet title against all Defendants; breach of NRS § 116.1113 against Tides and NAS; and injunctive relief against the HOA.

Tides now moves to dismiss the FAC or, in the alternative, for summary judgment. (ECF No. 45.)

### III. LEGAL STANDARD

#### A. Dismissal Under Rule 12(b)(6)

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550

2

U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but it has not show[n] — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. Moreover, a complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

### B. Summary Judgment

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (internal citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a

3

reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id*. at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd v. Fritz Cos., Inc.,* 210 F.3d 1099, 1102 (9th Cir. 2000) (internal citation omitted). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, *NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///

4

## IV. DISCUSSION

Tides raises ten arguments, three pertaining to Wells Fargo's quiet title/declaratory relief claim, three pertaining to its claim for violation of NRS § 116.1113, one pertaining to its claim for injunctive relief, and two that the Court considers procedural. The Court first addresses the procedural arguments before turning to those pertaining to the FAC's stated claims for relief.

### A. Procedural Arguments

Tides makes two arguments that the Court considers to be procedural: (1) the Borrowers are necessary parties to this action; and (2) this Court should disregard the "expert report" provided by Wells Fargo.[1] (ECF No. 45 at 14, 21-24.) The Court finds that the Borrowers are not necessary parties and that the request to disregard the expert report is improperly before the Court.

#### 1. Borrowers as Parties

Tides argues that the Borrowers are necessary parties to this action under Fed. R. Civ. P. 19(a). (ECF No. 45 at 21-22.) Wells Fargo responds that complete relief can be afforded in Borrowers' absence as its requested relief is "to either find the foreclosure sale void or to find the foreclosure sale did not extinguish Wells Fargo's senior lien." (ECF No. 47 at 14-15.) The Court agrees with Wells Fargo.

Fed. R. Civ. P. 19(a)(1) states:

A person . . . must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

///

---

[1]Tides withdrew its argument that Wells Fargo failed to comply with NRS § 38.310's mediation requirements as mediation has taken place between the parties. (ECF No. 48 at 3.)

5

> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Because there is no contention between Tides and Wells Fargo that the Borrowers cannot be joined in this action, the Court asks only whether under Rule 19 they are necessary parties to this action. *See Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) (stating that whether a party is "indispensable" under Rule 19 requires the court to first determine whether a party is necessary and then, where the party is necessary but cannot be joined, to determine whether the party is indispensable).

"[A] party is 'necessary' in two circumstances: (1) when complete relief is not possible without the absent party's presence; or (2) when the absent party claims a legally protected interest in the action." *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). Regarding prong (2), the interest must be more than a financial stake and more than speculation about a future event, *id.*, and the absent party must actually claim the interest. *See id.* at 689 (holding that district court did not err in finding that joinder was unnecessary when the nonparty was aware of the action and chose not to claim an interest); *see also Ward v. Apple Inc.*, 791 F.3d 1041, 1051 (9th Cir. 2015); *In re Cty. of Orange*, 262 F.3d 1014, 1023 (9th Cir. 2001) ("Orange County cannot claim that the districts have a legally protected interest in the action unless the districts themselves claim that they have such an interest, and the districts have been silent.").

Wells Fargo requests in the alternative that this Court void or set aside the HOA foreclosure sale (*see* ECF No. 24 at 11). Because unwinding the sale does not require the Borrowers, complete relief is possible here without their presence. By contrast, in the event the Court unwinds the sale, the HOA is a necessary party; the Court cannot unwind the sale without its presence because the HOA is the entity that conducted the sale in the first place. Accordingly, the Court finds that complete relief can be afforded in this action without naming the Borrowers as parties.

///

///

## 2. Expert Report

Tides requests that this Court "disregard" or "ignore" a report filed by Wells Fargo in support of its claims, contending that it is irrelevant and therefore inadmissible. (ECF No. 45 at 23-24.) This purported expert report appears to be a retrospective appraisal of the Property, purporting to establish the fair market value of the Property at the time of the HOA foreclosure sale. (ECF No. 24-1.) In response, Wells Fargo, points out that "[i]f Tides disagrees with Wells Fargo's expert witness, it should have either identified its own rebuttal expert or moved to disqualify Wells Fargo's expert through a motion in *limine*." (ECF No. 47 at 15.)

The Court agrees with Wells Fargo. The appropriate avenue to disqualify an expert report is through a rebuttal expert report or motion in *limine*. Because Wells Fargo is not moving for summary judgment and, at this point, is not clearly seeking to have its expert testify at trial, the only basis for the Court to consider the report would be in the context of Tides' Motion, which it need not do in order to resolve the Motion. The Court therefore declines to address the admissibility of the report at this point in time.

## B. Quiet Title/Declaratory Relief Arguments

Tides makes three arguments that appear to challenge the basis for Wells Fargo's quiet title/declaratory relief claim: (1) there is no basis for Wells Fargo to seek an equitable remedy against the HOA because Tides is not a party to the DOT; (2) the quiet title claim should be dismissed because Wells Fargo can only claim that it possesses a security instrument and not an actual ownership of the Property; and (3) there is no commercial reasonableness standard in a Nevada non-judicial foreclosure. (ECF No. 45 at 11-13, 16-17.) The Court is not persuaded by any of these arguments.

## 1. Applicability of Bourne Valley

Tides asserts that in the event Wells Fargo seeks to amend the FAC to include allegations regarding the constitutionality of NRS 116 or in the event Wells Fargo seeks

///

///

7

to argue this issue,[2] the Ninth Circuit's decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), does not apply to this case.[3] (ECF No. 45 at 24-30.)

In *Bourne Valley*, the Ninth Circuit held that the opt-in notice scheme established in NRS § 116.3116 *et seq.* ("the Statute") is facially unconstitutional because it requires a lender with a first position deed of trust to affirmatively request notice of an HOA's intention to foreclose, which the court found to be a violation of the lender's due process rights. 832 F.3d at 1156. The Ninth Circuit made this decision in light of the Nevada Supreme Court's decision in *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 412 (Nev. 2014), in which the state supreme court interpreted the Statute to give an HOA a "superpriority" lien on a homeowner's property for up to nine months of unpaid HOA dues that, when foreclosed upon, extinguished all junior interests in the property. *See Bourne Valley*, 832 F.3d at 1156-57. Thus, the Ninth Circuit found that enactment of the Statute's opt-in notice scheme "unconstitutionally degraded [the first position lienholder's] interest" and that but for this scheme the first position lienholder's rights in the property would not be extinguished. *Id.* at 1160. Subsequent to the Ninth Circuit's decision, the Nevada Supreme Court held in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 388 P.3d 970, 972-74 (Nev. 2017), that due process under both the Nevada and United States' constitutions is not implicated in an HOA foreclosure sale conducted pursuant to the Statute.

The HOA argues that this Court is bound by the *Saticoy Bay* decision because federal courts are bound by the decisions of a state's highest court when interpreting state

///

---

[2]In this Court's prior order, it dismissed Wells Fargo quiet title claim insofar as it was based on the unconstitutionality of the Statute. (*See* ECF No. 23 at 8 ("The Bank's due process argument is unconvincing. The Court will grant the HOA's Motion as its relates to Plaintiff's quiet title claim based on a due process theory.")

[3]Tides also argues that the real controversy in this case lies between Wells Fargo and the Borrowers because they breached their contractual obligations to Wells Fargo pursuant to the promissory note and DOT. (ECF No. 45 at 11-12.) However, whether Wells Fargo may have a dispute with the Borrowers is irrelevant to the claims raised in the FAC based on the HOA foreclosure sale.

8

law.[4] (ECF No. 45 at 24-29.) However, the *Bourne Valley* opinion does not constitute an interpretation of state law. Rather, the Ninth Circuit relied on the interpretation of the Statute as espoused by the Nevada Supreme Court in *SFR Investments Pool 1* to find that the Statute's opt-in notice scheme was unconstitutional under the federal constitution. *Bourne Valley*, 832 F.3d at 1157. Moreover, to the extent that the Nevada Supreme Court found the Statute to be constitutional under the federal constitution, this Court is not bound by the state supreme court's determination. *See Watson v. Estelle*, 886 F.2d 1093, 1095 (9th Cir. 1989) (stating that the decision of a state supreme court construing the United States Constitution is not binding on federal courts).

To the extent the HOA argues that *Bourne Valley* does not apply to this action because the creation of the Statute and the HOA's lien predate Wells Fargo's security interest (*see* ECF No. 45 at 29-30), this factual difference is irrelevant. Moreover, at the time of the foreclosure sale, Wells Fargo was the purported beneficiary of the DOT, which is what is relevant in light of the holding in *Bourne Valley*. (ECF No. 24 at ¶¶ 14, 28; *see also* ECF No. 45 at 8.)

The Court therefore permits Wells Fargo leave to amend the FAC to re-allege the unconstitutionality of NRS 116—under a due process theory—as a basis for its quiet title/declaratory relief claim.

### 2. Security Interest as Basis for Quiet Title Claim

The HOA argues that because an encumbrance, such as Wells Fargo's security interest, is not title, Wells Fargo cannot establish good title in itself, and that "[t]o the extent

///

---

[4] The HOA also argues that the Statute is constitutional because it incorporates the notice provisions of NRS § 107.090. (ECF No. 45 at 27-28.) However, this issue has not been decided and a resolution of the issue is currently pending before the Nevada Supreme Court, *see SFR Investments Pool 1, LLC v. Bank of New York Mellon,* Nev. S. Ct. Case No. 72931. Moreover, there are no contentions in this case that the HOA mailed notices pursuant to NRS § 107.090; rather, the HOA argues that Wells Fargo was on notice of the HOA's lien and right to foreclose through inquiry notice of the recorded statutory notices. (*See* ECF No. 45 at 17-19 (pointing out that Wells Fargo had constructive or inquiry notice of the sale and its ability to extinguish its property interest through the Statute itself, the HOA's CC&Rs, and the various recorded notices yet still failed to act to prevent the foreclosure sale.)

9

[Wells Fargo] alleges that its lien was wrongfully destroyed, the remedy is legal rather than equitable, and against the Borrowers." (ECF No. 45 at 13.) Wells Fargo responds that: (1) this Court already found that a security and not necessarily an ownership interest is sufficient for a claim of quiet title; and (2) the case cited to by Tides for its contention that Wells Fargo's remedy is purely legal does not support such an averment. (ECF No. 47 at 8.)

The Court agrees with Wells Fargo. As to its first point, "[a] plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas*, 973 F.3d 803, 808 (9th Cir. 1992)). Moreover, in the context of nonjudicial HOA foreclosures conducted pursuant to the Statute, the Nevada Supreme Court has never found that lenders asserting a security interest in property are precluded from bringing such claims under an action for quiet title. *See Shadow Wood Homeowners Ass'n v. N.Y. Community Bancorp., Inc.*, 366 P.3d 1105, 1111 (Nev. 2010) ("a plaintiff not in possession still may seek to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes").

As to Wells Fargo's second point, this Court has the inherent authority to fashion an equitable remedy in an action for quiet title. "At common law, courts possessed inherent equitable power to consider quiet title actions, a power that required no statutory authority." *Shadow Wood*, 366 P.3d at 1111 (internal citation omitted); *see also Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 718 (5th Cir. 1951) (An action for quiet title "is a purely equitable proceeding."). Equitable relief powers are broad. *Brown v. Plata*, 563 U.S. 493, 538 (2011) ("the scope of a district court's equitable powers . . . is broad, for breadth and flexibility are inherent in equitable remedies.") (internal quotation marks and citation omitted). Thus, equitable relief may be granted in defective HOA lien foreclosure sales. *Shadow Wood,* 366 P.3d at 1107 ("We . . . reaffirm that, in an
///

appropriate case, a court can grant equitable relief from a defective HOA lien foreclosure sale.").

### 3. Commercial Reasonableness of HOA Foreclosure Sale

Tides argues that "price disparity alone is insufficient to set aside a foreclosure" under a theory of commercial reasonableness and that there is no "commercial reasonableness standard in a Nevada nonjudicial foreclosure."[5] (ECF No. 45 at 16.) Wells Fargo responds that NRS § 116.31113 and the Uniform Common-Interest Ownership Act ("UCIOA") in Nevada impose a commercial reasonableness standard on foreclosure of association liens, which the recent opinion in *Shadow Wood* has confirmed. (ECF No. 47 at 10.)

The parties are partially correct. In *Shadow Wood*, the Nevada Supreme Court held that even where an HOA complies with the requirements of NRS Chapter 116, as evidenced by conclusive recitals in the foreclosure deed, a party may still bring a claim for quiet title based on the theory that an inadequate sale price *plus s*ome evidence of unfairness, fraud or oppression resulted in a defective foreclosure.[6] *See Shadow Wood*, 366 P.3d at 1110; *see also Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643 (Nev. 2017) ("where the inadequacy of the price is great, a court may grant relief based on slight evidence of fraud, unfairness, or oppression"). In other words, here Wells Fargo may circumvent the conclusive recitals in the foreclosure deed by bringing an equitable claim for relief, which it has done through the quiet title/declaratory relief claim. (ECF No. 24 at ¶¶ 44-51.) Moreover, the Court

///

---

[5]This second point appears to reduce to an argument about semantics and not whether this sort of claim is actually cognizable. (*See* ECF No. 45 at 16 (arguing that because commercial reasonableness is a creature of the UCC and not Nevada statute, the only obligations owed to Wells Fargo ensue from remedies contemplated by contract, i.e., contractual reasonableness).)

[6]In *Shadow Wood*, the Nevada Supreme Court made clear that a claim of commercial unreasonableness is a claim seeking equitable relief; it did not address whether the standard of "commercial reasonableness" is a creature of the Statute itself. *See Shadow Wood*, 366 P.3d at 1110-11 ("History and basic rules of statutory interpretation confirm our view that courts retain the power to grant equitable relief from a defective foreclosure sale when appropriate despite NRS 116.31166.").

previously granted Wells Fargo leave to file an amended complaint to allege that in addition to the inadequacy of the sale price of the Property, the HOA committed specific fraud, unfairness or oppression. (ECF No. 23 at 9.) In the FAC, Wells Fargo added: "NAS's policy of refusing to provide adequate information to first lienholders, like Wells Fargo, of the claimed superpriority amount of Tides' lien, was, at a minimum, unfair or, worse, oppressive"; "Tides' sale was commercially unreasonable . . . because NAS's policy . . . of rejecting any tender by first lienholders, like Wells Fargo, of the superpriroity amount of the lien, was, at a minimum, unfair, or worse, oppressive"; and Tides credit bid the total amount it alleged it was owed, implying that it did not attempt to attract proper perspective purchasers and intended to achieve a maximum profit for Tides and its agent. (ECF No. 24 at ¶¶ 46-48.) The Court finds these are sufficient to allege unfairness or oppression.

### C. NRS § 116.1113 Arguments

Tides makes three arguments concerning the Wells Fargo's claim that the HOA and NAS breached NRS § 116.1113: (1) allegations of defective notice under the NRS § 116.1113 claim were dismissed in the Court's prior order; (2) the recitals in the foreclosure deed are conclusive and thereby there is no basis for a wrongful foreclosure action under NRS § 116.1113 or a basis for the Court to fashion an equitable remedy for Wells Fargo[7]; and (3) the HOA complied with NRS 116 and therefore did not breach NRS § 116.1113. (ECF No. 45 at 13-20.) The Court agrees with Tides' first argument. The Court already dismissed this claim without leave to amend in its prior order. (ECF No. 23 at 10.) Therefore, Wells Fargo's claim for breach of NRS § 116.1113 is dismissed with prejudice.

### D. Injunctive Relief Arguments

Tides seeks dismissal of Wells Fargo's injunctive relief claim, making several arguments as to why Wells Fargo is not entitled to injunctive relief. (ECF No. 45 at 20.)
///

---

[7]The Court has already addressed Tides' contention that the Court may not fashion an equitable remedy for Wells Fargo based on its claim of a defective foreclosure. *See* discussion *supra* Sec. IV(B)(iii).

12

However, injunctive relief is not a stand-alone claim; it is a form of equitable relief given where a party succeeds on a claim based in law. Wells Fargo has sufficiently alleged injunctive relief as a remedy requested. Accordingly, the Court dismisses injunctive relief as a stand-alone claim.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Tides' Motion.

It is therefore ordered that Tides I Homeowners Association's Renewed Motion to Dismiss or in the Alternative, for Summary Judgment (ECF No. 45) is granted in part and denied in part. It is granted as to Wells Fargo's claim for breach of NRS § 116.1113; it is denied as to Wells Fargo's claim for quiet title/declaratory relief under due process and commercial unreasonableness theories as well as Tides' contention that the Borrowers are necessary parties to this action.

Wells Fargo is permitted to file an amended complaint consistent with this order within fifteen (15) days. Failure to file an amended complaint within this time will result in dismissal of this action with prejudice.

DATED THIS 23rd day of January 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE